IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLPH PRESTON MAES, | 1:13-cv-00577-SKO PC |
| Plaintiff, | ORDER TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA |
| vs. | (Doc. 1) |
| RICK BARRY, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, filed this civil action on April 22, 2013. Although the case was opened as a civil rights action brought pursuant to 42 U.S.C. § 1983 based on Plaintiff's submission of a § 1983 complaint form, Plaintiff is challenging his criminal conviction in Santa Barbara County, relief which must be sought via a petition for writ of habeas corpus. *E.g., Wilkinson v. Dotson*, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005); *McCarthy v. Bronson*, 500 U.S. 136, 142, 111 S.Ct. 1737, 1741-1742 (1991); *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 n.15, 93 S.Ct. 1827, 1840-1841 n.15 (1973). Regardless, in either event, venue is proper in the Central District of California. 28 U.S.C. §§ 1391(b), 1406(a), 2241(d); *see also Starnes v. McGuire*, 512 F.2d 918, 932 (D.C. Cir. 1974) (in the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district); *Laue v. Nelson*, 279 F.Supp. 265, 266 (N.D.Cal. 1968) (although venue is generally proper in either the district of the prisoner's confinement or the convicting court's location, petitions challenging a conviction preferably are heard in the district of conviction).

Accordingly, this action is HEREBY ORDERED TRANSFERRED to the United States District Court for the Central District of California.

IT IS SO ORDERED.

**Dated:   April 25, 2013**              /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE